**\*E-FILED 1/11/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION, | NO. C 01-4204 RS |
| Plaintiff, | **ORDER RE CLOSING ARGUMENTS** |
| v. | |
| GENNUM CORPORATION, | |
| Defendant. | |

Closing arguments are scheduled to be heard on January 19, 2007, commencing at 9:30 a.m. This order is not intended to preclude the parties from addressing such points and making such arguments as they may see fit, but is intended to provide guidance as to some of the issues that the Court presently believes merit further discussion. The parties should not infer from the omission of any particular issue in the following list that it has been overlooked by the Court, nor should the inclusion of any particular issue in the list be taken as an indication of what the Court deems to be of greater importance. Finally, this order should not be construed as an invitation for further briefing. Absent further order of the Court, no additional briefs or letters shall be filed or submitted.

1. The parties are discouraged from expending time discussing their views as to the credibility of witnesses. The Court is familiar with the parties' respective positions on those points.

2. The parties are discouraged from arguing their respective positions as to why this is an "exceptional case," warranting the imposition of attorney fees. To the extent a party wishes to be

1

heard further on such points, it should exercise caution in discussing litigation tactics to avoid *ad hominem* arguments regarding counsel or party representatives. The parties' briefing has made their respective contentions on these points quite clear.

    3. The parties are invited to comment on the following at such points in their presentations as they deem appropriate:

    (a) Gennum contends that the '82 family of chips does not utilize two clamping operations in the sense described and claimed in the '869 patent. Accordingly, Gennum argues, numerous specific claim elements are not met. Gennum also contends that its products do not meet the element of claim 31 (and dependent claim 32) for "circuitry to provide a format signal changeable in response to the format of said video type signal." This additional contention appears to be an issue entirely separate from the issue of the number of clamping operations. Has Gennum identified any other claim elements it contends are not met for reasons wholly unrelated to its contentions as to the number of clamping operations?

    (b) Gennum contends that the '869 patent describes and claims, among other things, a "non-recursive" sync separator, and that the non-recursive aspect of the asserted claims was cited to the PTO during prosecution as a basis for distinguishing prior art. TLC argues that Gennum is making a prosecution estoppel argument that potentially could apply for purposes of analyzing whether an accused device is an "equivalent" under §112, ¶ 6, but which has no relevance to the claims that TLC is making here of literal infringement. Neither "recursive" nor "non-recursive" appears in the language of the asserted claims, nor do the terms appear to be discussed in any detail–if they even appear at all–in the specification. Does Gennum contend that the presence or absence of recursion is relevant to literal infringement, and if so, in what way? Regardless of its view as to the relevance, does TLC agree that "non-recursive" accurately describes an aspect of preferred embodiment set forth in the specification? Regardless of the relevance, does TLC agree that the accused chips are "recursive" in a manner that differs from the preferred embodiment?

    (c) In the claim construction order issued by Judge Breyer in this action, Claim 27 of the '869 patent was found to be a "means-plus-function" claim with the function of, among other things, "clamping or holding the sync tip to a known level." What is the grammatical or legal significance

of the use of the word "or" in that phrase, if any?

(d) Gennum contends that Claim 31 (and dependent claim 32) of the '869 patent are invalid because "Video Standard Detector 103" is not sufficiently described, and Gennum outlines several separate requirements of patent law it believes are thereby not satisfied. Does Gennum contend that any claim of the '869 patent is invalid for any reason *unrelated* to the "Video Standard Detector 103"?

(e) Must the Court, as a threshold issue, first engage in claim construction with respect to claim 33 of the '250 patent? Although TLC appears to suggest that it believes no construction is necessary, it has presented argument, based on "the words of the claim, the specification, the prosecution history and extrinsic evidence (if the Court deems this necessary)" to support a particular construction.   Would it be improper for the Court at this juncture to construe the terms in claim 33 before proceeding to other arguments related to that claim?  Is the record sufficient to permit a claim construction analysis?

(f) TLC argues that the construction of claim 33 proposed by Gennum cannot be adopted because under such a construction, and in view of the Nippon reference, "Claim 33 *could not have issued*." (Emphasis by TLC.)   Although claims are to be construed in a manner that preserves their validity "if possible," if the Court were to conclude that the language of the claim, the specification and the prosecution history support only Gennum's proposed construction and do not make TLC's construction "possible," must the claim be found invalid on the record before the Court?  Would such invalidity result from the Nippon reference alone, even without consideration of any of the other prior art referred to at trial?

(g) Claim 33 refers to "selectively adding a current . . . wherein the *amount and/or polarity of said current is responsive . . .*" (emphasis added).  TLC's reply brief asserts that Gennum has ignored the "selectively adding" language. See TLC Reply 19:4-6.  TLC then cites Cooper's trial testimony, however, which appears to acknowledge that "on/off" circuitry *would* meet the "selectively adding" element. See Cooper testimony quoted at TLC Reply 19:8-12.  Is  TLC's position that "on/of" circuitry cannot meet the "responsive to" language or the "selectively adding" language, or both?

3

(h) "Polarity" is by its very nature only one of two states (positive or negative). "Amount" of current, by contrast, is variable. TLC appears to contend that "of/on" circuitry does not meet the claim language because the "amount" of current added by such circuitry is not "responsive." Claim 33, however, refers to adding current that is "responsive" in amount "and/or" polarity. If the polarity of the current can be "responsive" even though it *necessarily* is only one of two states, why is it not also "responsive" to "selectively add" a fixed amount of current or not to add such an amount of current? TLC asserts that Gennum's articulation of this question presents a "non-sequitur," but why is that so? Even if current, unlike polarity, is not by nature only one of two states, what in the word "responsive" or elsewhere precludes the conclusion that selectively either adding a fixed amount of current or not doing so falls outside the meaning of the word "responsive"?

(i) Gennum contends that claim 39 of the '250 patent is not infringed regardless of which construction of claim 33 is adopted. Apart from those arguments regarding claim 39, if Gennum's construction of claim 33 were adopted, would Gennum have any basis to argue non-infringement as to any asserted claim of the '250 patent?

(j) If TLC's construction of claim 33 were adopted, would Gennum have any remaining basis to argue invalidity as to any asserted claim of the '250 patent?

(k) Gennum contends that if TLC's construction of claim 33 is adopted, Gennum can still prevail on non-infringement because its chips, as actually implemented, use "on/off" circuitry. notwithstanding information in the data sheets that may imply otherwise. On reply, TLC contends that with respect to the '82 family of chips, Gennum has only addressed the "hard clamp" circuitry, and that even if Gennum's contentions as to that circuitry were accepted, there would still be infringement in the "soft clamp" circuitry. What evidence, if any, does Gennum rely on to show that the soft clamp utilizes "on/off" circuitry or otherwise does not infringe the claims, if construed as urged by TLC?

(l) What would be the consequences of a finding against Gennum with respect to its argument that the claims of the '250 patent are only entitled to a priority date of June 22, 1995? Which asserted prior art would no longer qualify as prior art, and what invalidity arguments, if any, would that eliminate?

1  IT IS SO ORDERED.

3  Dated: January 11, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge